IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRICE WAYNE TAYLOR                                                                    PLAINTIFF

v.                        Civil No. 5:21-cv-05184

TURN KEY, Health Care Provider for
the Benton County Detention Center;
DR. ROBERT SAEZ, Jail Doctor; and
NURSE MOLLY ROY                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Brice Wayne Taylor ("Taylor"), pursuant to

42 U.S.C. § 1983. Taylor proceeds *pro se* and *in forma pauperis*. While incarcerated in the

Benton County Detention Center ("BCDC"), Taylor contends his constitutional rights have been

violated by Defendants' failure to provide him with adequate medical care and by their requiring

him to pay for his own medical care. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and

(3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the

undersigned for the purpose of making a Report and Recommendation

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which

a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity.

## I.     BACKGROUND

Taylor is incarcerated in the BCDC on pending criminal charges. (ECF No. 1 at 1-2). He

contends he is being denied adequate medical care by Turn Key, the contract medical carrier for

the BCDC; the jail doctor, Dr. Robert Saez; and one of the jail nurses, Nurse Molly Roy. *Id.* at 2-9.

Taylor asserts three separate claims. (ECF No. 1 at 2-9). First, Taylor says he informed the nurse that in 2009 he suffered a brain injury which resulted in him having seizures. *Id.* at 4. Taylor indicates he informed the nurse that the seizures had stopped in 2014. *Id.* Despite this, he says he was wrongfully diagnosed with epilepsy and prescribed Keppra which he did not need. *Id.*

Second, Taylor indicates the BCDC used ineffective quarantine procedures which resulted in him contracting corona virus. (ECF No. 1 at 6). He says he was told he would receive medication designed to improve his immune system but asserts that he never received the promised medication. *Id.*

Third, Taylor alleges the Defendants have engaged in medical fraud by charging him for medical bills after he signed for a 90-day parole violation. (ECF No. 1 at 8). He indicates he was told by Nurse Roy that everyone gets billed even if they are committed to the Arkansas Division of Correction ("ADC").[1] *Id.*

As relief, Taylor asks for compensatory damages in the amount of $84,000. (ECF No. 1 at 9). He believes he is entitled to these damages because of the physical pain and psychological disturbances caused by Defendants' conduct. *Id.* He also believes that upon his release he will need to seek medical attention. *Id.*

---

[1] Formerly the Arkansas Department of Correction.

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Jackson*, 747 F.3d at 544 (cleaned up).   However, the complaint must still allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    DISCUSSION

#### (A).   Claim One—Denial of Medical Care

Jail officials violate the Due Process Clause of the Fourteenth Amendment when they exhibit deliberate indifference to a pretrial detainee's objectively serious medical needs.[2]  *See Ivey v. Audrain Cnty., Mo.,* 968 F.3d 845, 848 (8th Cir. 2020).   To succeed on this type of claim, a plaintiff must demonstrate that he had an objectively serious medical need and that the defendant actually knew of but deliberately disregarded that need.   *Id.* (citing *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020)).   "Mere negligence or medical malpractice . . . are insufficient to rise to a constitutional violation."   *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted).   Further, the Eighth Circuit had held that a plaintiff must assert an injury that is greater than *de minimis* to make a claim under the Eighth Amendment.   *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008)("Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*").[3]

Here, Taylor says he was given an erroneous diagnosis and prescribed medication he did not need.   He does not allege that he took the medication or was otherwise harmed.   No plausible claim is stated.

#### (B).   Claim Two—Denial of Medical Care

Taylor alleges he contacted corona virus as a result of ineffective quarantine procedures.

---

[2] Taylor indicates he is a pretrial detainee in his Complaint.   (ECF No. 1 at 2).   However, on his denial of property claim, he states he signed a 90-day parole violation.   *Id.* at 8.   This would, of course, change his status to that of a convicted inmate.   Regardless of when his status changed, the Eighth Circuit applies the Eighth Amendment deliberate indifference standard to pretrial detainees as well as convicted inmates.   *Ivey,* 968 F.3d at 848.

[3] Additionally, the physical injury requirement of 42 U.S.C. § 1997e(e) bars a prisoner from recovering compensatory damages for mental and emotional injury in the absence of a physical injury.   The Eighth Circuit has interpreted § 1997e(e) to require more than a *de minimis* physical injury before compensatory damages may be recovered.   *McAdoo v. Martin,* 899 F.3d 521, 525 (8th Cir. 2018).

4

He also alleges he was not provided the treatment he was told he would be given. Taylor has stated a plausible claim.

### (C). Claim Three—Charges for Medical Services

With respect to the charges for medical services, no plausible claim is stated. While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999)( Inmates may be constitutionally required to pay for their own medical expenses if they can afford to do so). "fulfilled its constitutional obligation by seeing that . . . the medical care needed is in fact provided." *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998). "But insisting that an inmate with sufficient funds pay for his own medical care is neither deliberate indifference nor punishment." *Garcia v. Lappin,* No. 06-C-94-C, 2006 WL 897857, *3 (W.D. Wis. Apr. 4, 2006).

In this case, Taylor alleges only that he was charged for medical services he felt should be paid by the ADC. He does not contend he was denied medical services or maintain he could not afford to pay the fees charged.

### IV.    CONCLUSION

For these reasons, it is recommended that the following claims be dismissed pursuant to § 1915A(b) for failure to state a claim upon which relief may be granted: Taylor's claim that he was wrongly diagnosed with epilepsy and prescribed medication for that condition; and Taylor's claim that he was wrongfully charged for medical services.

Taylor's remaining claim regarding corona virus quarantine procedures and his treatment for the illness will be served on the Defendants.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 21st day of October 2021.


*/s/ Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE