IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRICE WAYNE TAYLOR                                                                            PLAINTIFF

v.                                          CIVIL NO. 21-5184

TURN KEY HEALTH CLINICS, LLC, et al                                              DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff, Brice Wayne Taylor, pursuant to 42 U.S.C. § 1983. Taylor proceeds *pro se* and *in forma pauperis*. While incarcerated in the Benton County Detention Center ("BCDC"), Plaintiff contends his constitutional rights were violated by Defendants' failure to provide him with adequate medical care and by their requiring him to pay for his own medical care. After screening this matter pursuant to 28 U.S.C. § 1915A(a), portions of Plaintiff's claims were dismissed on November 22, 2021, and the Court entered its Initial Scheduling Order with respect to Plaintiff's surviving claims. (ECF Nos. 13, 20). Before the Court for consideration is Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 21), and pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for purpose of making a Report and Recommendation.

In their Motion to Dismiss, Defendants say Plaintiff is no longer incarcerated at the BCDC and has failed to update his address of record in violation of Local Rule 5.5(c)(2). Defendants say they mailed Initial Disclosures to Plaintiff on March 7, 2022, at his last known address, and they were returned to Defendants on March 17, 2022. (ECF No. 21-1). Defendants further say that without the ability to engage Plaintiff in the discovery process, they are denied the right to defend; Defendants conclude Plaintiff appears to have abandoned his claims.

On October 14, 2021, when Plaintiff was permitted to proceed in this matter *in forma pauperis*, Plaintiff was advised that he must "immediately inform the Court of any change of address …" and must inform the Court of his new address within thirty (30) days. (ECF No. 3). Plaintiff was advised of the minimal process required for advising the Court of a new address and warned his case would "be subject to dismissal if Plaintiff fails to inform the Court of an address change." (ECF No. 3).

Defendants filed their Motion to Dismiss on March 31, 2022, and on April 1st, this Court ordered Plaintiff to respond to Defendants' Motion, imposing a deadline of April 22, 2022. (ECF No. 22). Plaintiff was advised that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5." The Court's Order was mailed to Plaintiff's last known address at Quality Living Center's Transitional Living Facility, 3925 Asher Avenue, Little Rock, Arkansas 72204. On April 18, 2022, the Court's mail was returned without any forwarding address. (ECF No. 23).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel,* 745 F.2f 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). The Federal Rules of Civil Procedure specifically contemplate a dismissal of a case on the grounds that plaintiff failed to prosecute or failed to comply with orders of the court. F.R.Civ.P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district

court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Fey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court directing him to respond to Defendants' Motion to Dismiss and more than thirty (30) days have expired since his response was due. During that time, there has been no communication of any kind from Plaintiff.  Additionally, Plaintiff has failed to keep the Court apprised of his address in violation of both the Court's October 14, 2021, Order and the Local Rules, and he has been unavailable to participate in the necessary discovery, obstructing the Federal Rules of Civil Procedure.

For these reasons, and pursuant to F.R.Civ.P. 41(b) and Local Rule 5.5(c)(2), it is recommended that Defendants' Motion to Dismiss (ECF No. 21) be **GRANTED** and Plaintiff's Complaint be **DIMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 26th day of May 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE